IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BARBARA HOFF, | : |
| | : |
| Plaintiff, | : Civil Action No. 2:07-cv-094 |
| | : |
| v. | : JUDGE ALGENON L. MARBLEY |
| | : |
| U.S. DEPARTMENT OF JUSTICE, | : MAGISTRATE JUDGE ABEL |
| EL AL. | : |
| Defendants. | : |

**OPINION AND ORDER**

**I.  INTRODUCTION**

  This matter is before the Court on Defendant United States Department of Justice's Motion to Dismiss Plaintiff Barbara Hoff's Freedom of Information Act ("FOIA") suit or alternatively for Summary Judgment.  On March 19, 2007, the United States filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) alleging that the Court lacked subject matter jurisdiction under the FOIA's terms.  5 U.S.C. § 552.  The United States alternatively moved for Summary Judgment alleging there was no genuine issue of material fact that the requested files do not exist and it was entitled to judgment as a matter of law.

  For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Dismiss.

**II.  BACKGROUND**

  In a letter dated August 8, 2006, Hoff submitted a request to the Federal Bureau of Investigation ("FBI") for "…all files on me, including all electronic surveillance records…." Declaration of David M. Hardy at Ex. A.  Hoff alleges that she "reasonably believes that records exist and are in the possession of the FBI," Complaint ¶ 10, but has not provided additional

evidence to support her assertion. She believes that "electronic surveillance" has been maintained on her "since around the age of 2 ½ years of age up until the present time." Declaration of David M. Hardy at Ex. A.

In response to Hoff's FOIA requests, the FBI alleges that it searched the Automated Data Base and the manual indices of the Central Records System.[1] Declaration of David M. Hardy. It then conducted an additional search of the Electronic Surveillance[2] (ELSUR) indices at the FBI Headquarters. *Id.* None of these searches produced any records responsive to Hoff's request. *Id.*

The FBI headquarters informed Hoff, by a letter dated September 8, 2006, that no "records responsive to your FOIA request were located by a search of the automated, manual and Electronic Surveillance (ELSUR) indices." *Id.* at Ex. C. Hoff appealed this determination on October 22, 2006 to the Office of Information and Privacy (OIP). *Id.* at Ex. F. The OIP subsequently affirmed the FBI's action and informed Hoff that it could not locate any records responsive to her request at the Headquarters Office. *Id.* at Ex. G. She was advised to contact FBI's Cincinnati Field Office to request records. *Id.* She chose not to pursue this, and instead filed this lawsuit on February 8, 2007.

---

[1] According to David M. Hardy the CRS "enables the FBI to maintain information which it has acquired in the course of fulfilling its mandated law enforcement responsibilities." The records in the CRS "consist of administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes." These files are given certain classifications and organized by subject matter corresponding to an "individual, organization, company, publication, activity, or foreign intelligence matter."

[2] The ELSUR indices "are used to maintain information on a subject whose electronic and/or voice communications have been intercepted as the result of a consensual electronic surveillance or a court-ordered (and/or sought) electronic surveillance conducted by the FBI."

### III.  STANDARD OF REVIEW

Before a court may determine whether a plainitiff has failed to state a claim upon which relief may be granted, it must first decide whether it has subject matter jurisdiction.  *City of Health, Ohio v. Ashland Oil, Inc.*, 834 F. Supp. 971, 975 (S.D. Ohio 1993).  Rule 12(b)(1) provides that the defendant may file a motion to dismiss based on a "lack of jurisdiction over the subject matter."  Fed. R. Civ. P. 12(b)(1).  The plaintiff has the burden of proving jurisdiction when subject matter jurisdiction is challenged.  *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986).  In reviewing a factual attack on subject matter jurisdiction under Rule 12(b)(1) no "presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).  The court may allow "affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts."  *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

### IV.  ANALYSIS

Federal court subject matter jurisdiction in a FOIA suit is premised on the plaintiff demonstrating that an agency has (1) improperly (2) withheld (3) agency records.  *See Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980); *Wagar v. United States Dep't of Justice*, 846 F.2d 1040 (6th Cir. 1988); *Vonderheide v. I.R.S.*, 1999 WL 1000875, at *1 (6th Cir. Oct. 29, 1999) (unreported).  Under U.S.C. § 552(a)(4)(B), judicial authority can only be invoked when an agency has violated all three of these components.  *Kissinger*, 445 U.S. at 150.  Therefore, "[a]gency possession of the requested documents is 'an indispensable

prerequisite to liability in a suit under the FOIA.'" *Vonderheide*, 1999 WL 1000875, at *1 (quoting *Kissinger*, 445 U.S. at 155).

In *Vonderheide*, the court concluded that the district court properly dismissed the action for lack of subject matter jurisdiction. *Vonderheide*, 1999 WL 1000875, at *1. The plaintiff filed suit alleging that the IRS failed, under the FOIA, to provide the requested materials. *Id.* The IRS submitted affidavits attesting to the fact that it conducted a good faith search for the records that did not reveal the requested material. *Id.* The court found that it lacked jurisdictional authority over the matter absent a showing that the IRS had improperly *withheld* agency records. *Id.* (quoting *Kissinger*, 445 U.S. at 150). Since the IRS provided evidence that it was not in possession of the requested documents it could not have, by definition, withheld the records. *Id.* The Court held that dismissal pursuant to FRCP 12(b)(1) and not summary judgment is appropriate in this type of case. *Id.*

The plaintiff has the initial burden of establishing that the Court has jurisdiction over the claim. Fed. R. Civ. P. 8(a)(1). In a FOIA action, the plaintiff must allege an improper withholding of an agency record in order to state a claim that creates federal jurisdiction. *Kissinger*, 445 U.S. at 150. The agency then has the burden of proving the non-existence of the sought after records. *Oglesby v. United States Dep't of the Army*, 920 F.2d 57 (D.C. Cir. 1990). The agency must establish that it conducted a search that was reasonably calculated to uncover the records and that such records were not found. *Id.*; *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984). It need not definitively prove that the requested documents do not exist, as long as the search was adequate. *Weisberg*, 745 F.2d at 1485.

The FBI submitted declarations attesting to the fact that FBI headquarters personnel searched its Central Records System and the ELSUR on two occasions and did not find the requested materials. Agency affidavits regarding a search are given a presumption of good faith that cannot be rebutted by mere speculation. *Safeguard Servs., Inc. v. Securities & Exchange Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991). In response, Hoff has not offered any evidence that the FBI possess the requested documents and her assertion as to their existence is not sufficient to overcome the agency affidavits. *See Sneed v. United States Dept. of Labor, Office of Workers' Comp. Programs*, 14 Fed. Appx. 343 (6th Cir. 2001); *Vonderheide*, 1999 WL 1000875, at *1; *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982).

An agency must be in possession of records to wrongfully withhold them. *Kissinger,* 445 U.S. at 155. We find that the FBI has conducted a good faith search for the requested documents and such documents have not been found. Therefore, there is no wrongful withholding within the meaning of the FOIA. Absent an improper withholding, federal courts lack jurisdiction to devise a remedy in this case. Accordingly, the Defendant's Motion to Dismiss for lack of subject matter jurisdiction is granted.

## V.  CONCLUSION

Based on the foregoing analysis, the Court **GRANTS** the Defendant's Motion to Dismiss. This action is dismissed with prejudice.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: November 19, 2007**